**UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF MICHIGAN**
**SOUTHERN DIVISION**

CITY OF DETROIT,

    Plaintiff,

v.                                         Case No. 09-CV-11451

LAKESHORE ENERGY SERVICES, LLC, and
SEMINOLE ENERGY SERVICES, LLC,

    Defendants.
                                         /

**ORDER DIRECTING DEFENDANTS TO FILE SUPPLEMENTAL STATEMENT AND CANCELING SEPTEMBER 23, 2009 HEARING**

Plaintiff City of Detroit initiated an action against Defendants Lakeshore Energy Services, LLC ("Lakeshore") and Seminole Energy Services, LLC ("Seminole") in Wayne County Circuit Court. On April 17, 2009, Defendants filed a notice of removal in this court alleging subject matter jurisdiction through diversity of citizenship. *See* 28 U.S.C. § 1332. On July 27, 2009, the Defendants filed a motion to dismiss pursuant to Federal Rule of Civil Procedure 12(c) and 56. Before the court takes further action in the case, it must ensure that it has subject matter jurisdiction. Therefore, the court will order Defendants to file a supplemental statement demonstrating that this court has subject matter jurisdiction, and the court will cancel the hearing scheduled for September 23, 2009.

"Federal courts are not courts of general jurisdiction and have only the power that is authorized by Article III of the Constitution and the statutes enacted by Congress pursuant thereto." *Marine Equip. Mgmt. Co. v. United States*, 4 F.3d 643, 646 (8th Cir.

1993).  "It is to be presumed that a cause lies outside this limited jurisdiction, and the burden of establishing the contrary rests upon the party asserting jurisdiction." *Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377 (1994).

Title 28 U.S.C. § 1332 provides, in pertinent part, that "[t]he district courts shall have original jurisdiction of all civil actions where the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs, and is between . . . citizens of different states."  28 U.S.C. § 1332(a)(1).  Under 28 U.S.C. § 1332(a), therefore, the two requirements for diversity jurisdiction are (1) that the matter in controversy exceed $75,000.00, and (2) that complete diversity exist between the disputing parties.

In this case, Defendants have sufficiently alleged that the amount in controversy exceeds $75,000.00.  (Notice of Removal ¶ 5; Pl.'s Compl. ¶ 9.)  Despite satisfying the amount in controversy requirement, Defendants fail to allege facts by which this court can determine whether complete diversity exists between the parties.  In the notice of removal, Defendants state that they are incorporated in Oklahoma[1] and have a principal place of business at "1323 E 71st Street, Suite 300, Tulsa, Oklahoma, 74136."  (Notice of Removal ¶ 8.)  A limited liability company, however, is deemed to be a citizen of each state in which its constituent members are citizens.  *See Homfeld II, L.L.C. v. Comair Holdings, Inc.*, 53 F. App'x 731, 732 (6th Cir. 2002) ("[A] limited liability company is not treated as a corporation and has the citizenship of its members.").  The court is able to determine that Lakeshore's sole member is Seminole based on the joint statement of

---

[1] The caption to the notice of removal states that Lakeshore Energy Services, LLC is a Michigan corporation.  The court will presume that this is because Defendants used the same caption from Plaintiff's complaint filed in state court.

facts. (Joint Statement of Facts ¶ 11) ("Lakeshore is a wholly owned subsidiary of Seminole."). However, Defendants have not provided any information regarding the members of Seminole. The documents included in Defendants' Exhibit B show that the Defendants are registered as domestic limited liability companies in Oklahoma, but they do not show the Defendants' constituent members. (Notice of Removal, Ex. B.) To the extent that other companies are listed in the filings, it is unclear whether these companies are registered agents, principals, or associated entities. Nor is the citizenship of these entities for diversity purposes determinable from the documents filed. Inasmuch as the notice of removal does not identify the citizenship of each of Defendants' members, the court cannot determine whether complete diversity of citizenship exists. Accordingly,

IT IS ORDERED that Defendants file a supplemental statement on or before **September 23, 2009**, demonstrating that this court has subject matter jurisdiction.

IT IS FURTHER ORDERED that the hearing scheduled for September 23, 2009 is cancelled.[2]

                                              S/Robert H. Cleland
                                              ROBERT H. CLELAND
                                              UNITED STATES DISTRICT JUDGE

Dated: September 16, 2009

---

[2] In the event that the court determines that it lacks subject matter jurisdiction, the case will be remanded to state court. If the court determines that it has subject matter jurisdiction, the court will decide the motion without the aid of a hearing. See E.D. Mich. LR 7.1(e)(2).

I hereby certify that a copy of the foregoing document was mailed to counsel of record on this date, September 16, 2009, by electronic and/or ordinary mail.

          S/Lisa Wagner
Case Manager and Deputy Clerk
(313) 234-5522